

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2010 FEB -5 AM 11: 21

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ADM International SARL | * | ADMIRALTY - RULE 9(h) |
| | * | C.A. NO.:  **10-328** |
| VERSUS | * | |
| | * | SECTION: |
| M/V THOR WAVE, her engines, tackle, | * | **SECT. F   MAG. 2** |
| and appurtenances, etc., *in rem* | * | MAGISTRATE JUDGE: |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## VERIFIED COMPLAINT

The Verified Complaint of ADM International SARL against the M/V THOR WAVE,

her engines, tackle, apparel, equipment, furniture, accessories, appurtenances, etc., *in*

*rem*, in tort, civil and maritime, and within the meaning of Rule 9(h) of the Federal Rules

of Civil Procedure, with respect represents:

1.

At all times pertinent, ADM International SARL was a foreign entity doing business

in Louisiana and within the jurisdiction and venue of this Court.

2.

At all times pertinent herein, the M/V THOR WAVE was a steel hulled ocean going

ship of Thai registry, Official No. 470000804, one hundred and eighty-seven meters in

Fee $350
Process
X Dktd
CtRmDep
Doc. No.

length, which is presently at berth on the Lower Mississippi River at or near Mile 57 and which is located within the jurisdiction of this Honorable Court.

3.

At all times pertinent, ADM International SARL was and is a party to a North American Grain Charter Party Agreement ("charter party") with Windrose SPS Shipping & Trading SA, disponent owners of the M/V THOR WAVE.

4.

Pursuant to the charter party, the M/V THOR WAVE was chartered by ADM to carry soybean (33,270.891 metric tons valued at $13,732,277.55) cargo owned by ADM from Reserve, Louisiana to Bandirma, Turkey.

5.

In consideration of the aforesaid charter party, ADM paid to the owners of the M/V THOR WAVE approximately $1,836.000.00,

6.

In consideration of the payment of $1,836,000.00 by ADM to the owners of the M/V THOR WAVE, M/V THOR WAVE was required to carry the cargo owned by ADM to its final destination in Bandirma, Turkey.

7.

ADM's buyers of the cargo require it to be delivered to them in Bandirma, Turkey by February 28, 2010.

8.

Pursuant to the charter party, owners were required to furnish a seaworthy vessel fit to carry the cargo safely and in a timely manner to buyers in Turkey.

9.

Pursuant to the charter party, the M/V THOR WAVE commenced loading of the soybean cargo at ADM's facility on the Mississippi River on January 23, 2010, and completed loading on January 25, 2010 at 0235 hours.

10.

Thereafter, on January 25, 2010 at 1302 hours, the M/V THOR WAVE experienced power loss due to a failed shaft seal, causing the freighter to take on water, at or near Mile 58.7 of the Lower Mississippi River.  The vessel was required to shut down its engine and drop anchor.

11.

As a result of the failure of the seal and water intrusion, the M/V THOR WAVE was restricted by the U.S. Coast Guard to Davant Anchorage, at Mile 52.8, and was subsequently moved to Associated Buoys at Mile 57 where it is presently moored

12.

Upon information and belief, the M/V THOR WAVE remains anchored at the Associated Buoys at or near Mile 57 of the Lower Mississippi River, and is preparing to offload ADM's soybean cargo so that vessel can be towed to dry dock so repairs can be made.

13.

The M/V THOR WAVE's voyage has been terminated and/or delayed making delivery of the cargo by February 28, 2010 impossible.

14.

On January 28, 2010, ADM was notified that the M/V THOR WAVE and/or its owners and/or disponent owners would hold ADM liable for all and/or part of the cost of said lightering and/or repairs of the M/V THOR WAVE, pursuant to the law of General Average.

15.

Upon information and belief, the failure of the shaft seal and restriction of the M/V THOR WAVE to Anchorage was caused by, and was a direct result of pre-existing, unseaworthy conditions which constitute a bar to the M/V THOR WAVE's and/or its owners' and/or disponent owners' claims against ADM under the law of General Average and which constitute breach of the charter party.

16.

Furthermore, surveyors retained on behalf of ADM have been denied access to the vessel to ascertain the condition of the soybean cargo, the shaft, the shaft seals and whether said conditions were pre-existing, unseaworthy conditions.

17.

Due to the failure of the shaft seals and restriction of the M/V THOR WAVE to anchorage, the M/V THOR WAVE is unable to carry the cargo owned by ADM, and is in breach of the charter party between ADM and the owners and/or disponent owners of the M/V THOR WAVE.

18.

As a result of the breach of the charter party, the M/V THOR WAVE and/or its owners are indebted to ADM in the amount of $1,836,000.00, plus additional costs and fees, and the amount of any damages sustained by ADM as a result of the M/V THOR WAVE's failure to deliver the cargo in a timely fashion, and all together with judicial interest.

19.

In order to effect repairs to the M/V THOR WAVE, ADM's cargo will have to be removed from the ship, placed in barges, transported and discharged into a facility in which it can be safely stored and reloaded into another vessel for transit to Turkey. Further, if the

cargo is not timely delivered the sale will be lost to the financial detriment of ADM.  These additional losses and expenses could exceed $1,000,000.00.

20.

As a result of the failure of the shaft seals and termination and/or delay of the voyage, the M/V THOR WAVE is not able to deliver the cargo by February 28, 2010.  The buyers of the cargo have since notified ADM that they will not pay for the cargo due to the inability to meet their delivery deadline.

21.

Further, ADM must now sell the soybeans to other buyers, at a loss, due to the fall in market value of the cargo from the time of shipment, to date.

22.

ADM denies that it is indebted to owner for any amount under the law of General Average.

23.

Furthermore, the breach of the charter party gives rise to a maritime lien against the M/V THOR WAVE and in favor of ADM tor the full sum of all of the aforesaid damages.

WHEREFORE, Complainant, ADM International SARL prays that the Court declare and recognize the maritime lien of ADM International SARL against the M/V THOR WAVE in the full amount of $1,836.000.00 plus additional damages, including but not limited to, damages for all losses suffered by ADM as a result of the termination and/or delay of the

voyage, delay in delivery of cargo, the fall in soybeans market prices, costs of arbitration

as required by the charter party and any and all other damages, all with interest from date

of demand until finally paid, and interest as proven at trial; and that after due proceedings

are had, that Complainant have judgment in the full amount of all damages, together with

the interest and costs against the M/V THOR WAVE, *in rem*; and the vessel be condemned

and sold to satisfy Complainant's judgment, and the fines to be distributed to Complainant

in preference and priority to all claimants; and that the court order and issue a warrant for

arrest of the vessel.

                Respectfully submitted,


                WILTON E. BLAND, III, T..A.   (#8282)
                JACQUES P. DeGRUY     (#29144)
                PATRICK E. COSTELLO   (#26619)
                Mouledoux, Bland, Legrand & Brackett, LLC
                One Shell Square - Suite 4250
                701 Poydras Street
                New Orleans, Louisiana 70139
                Telephone: (504) 595-3000
                Facsimile:  (504) 522-2121
                Email:      wbland@mblb.com
                Email:      jdegruy@mblb.com
                Email:      pcostello@mblb.com
                Attorneys for Complainant,
                ADM International SARL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ADM International SARL | * | ADMIRALTY - RULE 9(h) |
| | * | C.A. NO.: **10-328** |
| VERSUS | * | |
| | * | SECTION: |
| M/V THOR WAVE, her engines, tackle, | * | |
| and appurtenances, etc., *in rem* | * | MAGISTRATE JUDGE: **SECT. F   MAG. 2** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## VERIFICATION

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

    **BEFORE ME,** the undersigned authority personally came and appeared:

### JACQUES P. DeGRUY

and who, after being duly sworn did depose and say:

    That he is the attorney for ADM International SARL; and

    That he has prepared the Verified Complaint based upon his knowledge and discussions with ADM International SARL; and

    That the allegations of the Complaint are true and correct to the best of his knowledge, information and belief.

                                      _____

                                       JACQUES P. DeGRUY

SWORN TO AND SUBSCRIBED
BEFORE ME THIS _____ DAY OF
FEBRUARY, 2010

NOTARY PUBLIC

My Commission Expires at Death

**Patrick E. Costello, 26619**
**Notary Public in and for**
**the State of Louisiana.**
**My Commission is for Life.**